UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN MORALES,<br><br>                Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS INCORPORATED, et al.,<br><br>                Defendants. | Case No. 2:22-cv-08081-FLA (MAAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 8]** |

## **RULING**

Before the court is Plaintiff Herman Morales' ("Plaintiff" or "Morales") Motion to Remand ("Motion"). Dkt. 8 ("Mot."). Defendants Quest Diagnostics Incorporated and Quest Diagnostics Clinical Laboratories, Inc. (collectively, "Defendants" or "Quest") oppose the Motion. Dkt. 11 ("Opp'n"). Plaintiff did not file a reply in support of the Motion. On January 17, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing scheduled for January 20, 2023. Dkt. 18; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion in its entirety.

1

# BACKGROUND

On February 4, 2022, Plaintiff commenced this action in the Los Angeles County Superior Court against Quest and former Defendant Hagop Timourian ("Timourian"). Dkt. 1-2 ("Compl."). On June 1, 2022, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting eleven causes of action for: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) hostile work environment harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; (7) retaliation in violation of the California Family Rights Act ("CFRA"); (8) negligent hiring, supervision, and retention; (9) wrongful termination of employment in violation of public policy; (10) whistleblower retaliation in violation of California Labor Code § 1102.5; and (11) intentional infliction of emotional distress ("IIED"). Dkt. 1-3, Ex. B ("FAC"). Plaintiff asserted the second and eleventh causes of action against Quest and Timourian, and asserted the remaining causes of action against Quest alone. *Id.*

On July 6, 2022, Defendants and Timourian filed a demurrer to the FAC in state court. Dkt. 11-2 ("Brenner Decl.") ¶ 8. The state court sustained Quest's demurrer to the eighth cause of action without leave to amend, and sustained Timourian's demurrer to the second and eleventh causes of action with leave to amend. *Id.*, Ex. D. Plaintiff did not file an amended complaint. On October 6, 2022, Defendants filed an ex parte application for Timourian's dismissal from the action. *Id.* ¶¶ 11, 13. Plaintiff did not file an opposition. *Id.* ¶ 13; Dkt. 11-5 ("Shams Decl.") ¶ 3. At the October 7, 2022 hearing on Defendants' ex parte application, the state court asked Plaintiff whether he opposed Timourian's dismissal, and Plaintiff responded he did not. Shams Decl. ¶ 4. *Id.* Accordingly, the state court dismissed Timourian from the action with prejudice. Brenner Decl. ¶ 14, Ex. E.

On November 4, 2022, Defendants removed the action to this court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332 ("Section 1332"). Dkt. 1 ("NOR"). Plaintiff moves to remand the action for lack of subject matter jurisdiction. *See generally* Mot.

## DISCUSSION

### I. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As the removing parties, Defendants bear the burden to establish the court's subject matter jurisdiction over this action. *See id.* at 567.

## II. Analysis

Plaintiff contends Defendants have not met their burden to establish the diversity of citizenship and amount in controversy requirements for the court to have diversity jurisdiction under Section 1332. Mot. at 6–7.[1] The court will address the parties' arguments regarding each requirement in turn.

### A. Diversity of Citizenship

The NOR alleges complete diversity exists between the parties because Plaintiff is a citizen of California while both Defendants are citizens of Delaware and New Jersey. NOR ¶ 11. Plaintiff does not challenge these allegations or the existence of complete diversity between the current parties. Rather, Plaintiff argues there is a lack of complete diversity because former Defendant Timourian is a citizen of California and was involuntarily dismissed from the action following the state court's ruling on Defendants' demurrer to the FAC. Mot. at 10. Defendants respond that complete diversity exists because Timourian's dismissal was voluntary. Opp'n at 12–15.

"It is well established that diversity of citizenship, as the basis of removal jurisdiction, must exist both when an action is filed in state court and when defendant petitions for removal to federal court." *Strasser v. KLM Royal Dutch Airlines*, 631 F. Supp. 1254, 1256 (C.D. Cal. 1986) (citation omitted). "An exception to this rule applies when a plaintiff, by a 'voluntary act,' terminates his state court action against all non-diverse parties." *Id.*; *see also Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) ("[T]he 'voluntary-involuntary' rule … requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.").

It is undisputed the state court sustained Timourian's demurrer to the FAC with leave to amend, which was granted at Plaintiff's request. Dkt. 1-5 at 127–28, 155–56.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers included natively.

4

It is also undisputed Timourian was dismissed from the action after Plaintiff failed to file an amended complaint timely and stated affirmatively to the state court that he did not oppose the dismissal. *See id.* at 263; Brenner Decl. ¶¶ 10–14; Shams Decl. ¶¶ 3–4. Plaintiff's decision not to amend his claims against Timourian, after requesting and being granted leave to amend, constituted a voluntary abandonment of his claims against Timourian which rendered the action removable. *See Strasser*, 631 F. Supp. at 1256; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (finding action removable when it became apparent plaintiff abandoned his claims against diversity-defeating defendant); *Blankenberg v. Com. Ins. Co. of Newark, N.J.*, 655 F. Supp. 223, 227 (N.D. Cal. 1987) ("Some clear action indicating severance or abandonment of the unserved defendants is sufficient" for removal.); *cf. Self*, 588 F.2d at 659 (remanding action where plaintiff "neither dismissed *nor discontinued*" the action against diversity-defeating defendant voluntarily) (emphasis added).

Accordingly, the court finds the state court's dismissal of Timourian from the action does not destroy the existence of complete diversity between the parties. The court will not grant the Motion on this basis.

### B. Amount in Controversy

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

"[T]he plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM*

5

*Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "A 'facial' attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id*. (quotation marks and brackets omitted). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (quotation marks omitted). "A factual attack, by contrast, contests the truth of the factual allegations, usually by introducing evidence outside the pleadings." *Id*. (quotation marks omitted); *Harris*, 980 F.3d at 699. "When a factual attack is mounted, the responding party must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context." *Salter*, 974 F.3d at 964 (quotation marks and ellipses omitted).

Plaintiff contends Defendants fail to meet their burden to establish the amount in controversy exceeds $75,000. Mot. at 14–15. Defendants respond that the jurisdictional threshold is met based on Plaintiff's requests for economic, emotional distress, punitive damages, and attorney's fees. Opp'n at 16–22; NOR ¶¶ 19–25. As Plaintiff challenges only whether Defendants have met their burden to establish the amount in controversy, and does not present evidence or argue that the amount in controversy is lower than $75,000, Plaintiff mounts only a facial attack on Defendants' jurisdictional allegations. *See* Mot.

In the FAC, Plaintiff seeks economic damages including "lost past and future income." FAC ¶ 16. "In unlawful termination cases, courts commonly look to the value of the wages plaintiffs may have earned after they were terminated in evaluating the amount of backpay placed in controversy." *Leon-Calderon v. Old Dominion Freight Line, Inc.*, Case No. 2:22-cv-08930-MCS (KSx), 2023 WL 1931328, at *2 (C.D. Cal. Feb. 10, 2023) (quotation marks omitted); *see also Walters v. Dollar Tree Distrib., Inc.*, Case No. 2:21-cv-02299-JAM-JDP, 2022 WL 1449187, at *2 (E.D. Cal.

May 9, 2022) ("Defendant is justified in including lost wages in its amount-in-controversy calculations, because it is an available remedy for FEHA violations.").

Defendants submit the declaration of Scott Brady ("Brady"), the Senior Director, HR Business Partner, Western Region, for Quest, as evidence of the amount in controversy. Dkt. 11-3 ("Brady Decl.") ¶ 2. Brady attests that based on his review of Plaintiff's personnel records, which were created and maintained in the ordinary course of Quest's business, Plaintiff was employed as a non-exempt, full-time employee scheduled to work approximately 40 hours per week. *Id.* ¶ 4. Brady further states Plaintiff's regular base rate of pay was $17.51 per hour when he went on a leave of absence on or about August 15, 2019, which increased to $18.73 per hour as of the date of his termination. *Id.* ¶¶ 5–6. Plaintiff did not object or otherwise respond to Defendants' evidence.

Plaintiff alleges he was terminated on August 14 or 28, 2020. FAC ¶¶ 14(k), 15(a). Calculating Plaintiff's potential recovery for lost past income from August 28, 2020 to November 4, 2022, the date of removal (114 weeks), using the lower rate of pay of $17.51 per hour results in $79,845.60—which reflects the minimum amount of economic damages in controversy based on the evidence submitted. *See* NOR ¶ 19. This evidence is sufficient to establish the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction.

Plaintiff argues this calculation is insufficient to meet Defendants' burden, as Defendants fail to account for any mitigation of past economic damages. Mot. at 14. Plaintiff, however, does not present any evidence or argument to establish any such mitigation. "[M]itigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.'" *Jackson v. Compass Grp. USA, Inc.*, Case No. 2:19-cv-04678-PSG (GJSx), 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (citing *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016)).

As the above calculation of Plaintiff's past lost income claimed is alone sufficient to establish the amount in controversy exceeds $75,000, the court need not assess the parties' arguments regarding Plaintiff's requests for non-economic damages, punitive damages, and attorney's fees. *See Hopper v. STS Distribs., Inc.*, Case No. 8:20-cv-02302-CJC (ADSx), 2021 WL 569026, at *1 (C.D. Cal. Feb. 16, 2021) (denying motion to remand finding defendant's $78,000 calculation for plaintiff's potential lost wages sufficient to establish amount in controversy without considering non-economic damages.).

## CONCLUSION

For the aforementioned reasons, the court finds: (1) complete diversity exists between the parties, and (2) Defendants meet their burden to demonstrate the amount in controversy exceeds the jurisdictional minimum under Section 1332. The court, therefore, DENIES Plaintiff's Motion to Remand (Dkt. 8) in its entirety. Having denied the Motion on these grounds, the court need not address the parties' remaining arguments.

IT IS SO ORDERED.

Dated: October 26, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge